### COMMONWEALTH *vs.* THOMAS WILLIAMS.

The Rev. Sts. *c.* 126, § 30, which provide that "if any carrier or other person to whom any property, which may be the subject of larceny, shall have been delivered to be carried for hire, or if any other person, who shall be intrusted with such property, shall embezzle any such property, before delivery of such property at the place at which, or to the person to whom it was to be delivered," he shall be deemed guilty of simple larceny, apply only to one to whom goods are intrusted to be carried and delivered to another person.

INDICTMENT on Rev. Sts. *c.* 126, § 29, for embezzling bank bills, the property of James Cæsar, and received by the defend-ant as his agent.

At the trial in the municipal court, at December term 1854, the evidence was that Cæsar went into a boarding-house kept by the defendant, (with whom he had previously boarded, but did not then board,) and handed him the bills, saying, " Keep this till to-morrow morning for me ; " and that on the following morning the defendant denied ever having received the money, and refused to give it up, and fraudulently converted it to his own use.

*Mellen*, C. J. ruled that this indictment could not be maintained upon Rev. Sts. *c.* 126, § 29, but might be maintained upon § 30, which is thus : " If any carrier or other person, to whom any money, goods or other property, which may be the subject of larceny, shall have been delivered to be carried for hire, or if any other person, who shall be intrusted with such property, shall embezzle, or fraudulently convert to his own use, or shall secrete, with intent to embezzle or fraudulently convert to his own use, any such money, goods or property, either in the mass, as the same were delivered, or otherwise, and before delivery of such money, goods or property, at the place at which, or to the person to whom, they were to be delivered, he shall be deemed, by so doing, to have committed the crime of larceny." The jury returned a verdict of guilty, and the defendant excepted to this ruling.

*G. W. Searle*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

BY THE COURT. This, being a penal statute, is to be construed strictly. Although, in the more natural grammatical construction, the words " such property," in the clause relating to " any other person who shall be intrusted with such property," refer only to the words " money, goods or other property, which may be the subject of larceny," yet the words, at the end of the section, " before delivery of such money, goods or property, at the place at which, or to the person to whom they were to be delivered " limit the words " such property " still further, and, taken in connection with the words " carrier or other person," at the beginning of the section, confine its application to the embezzlement of property received by the defendant to be carried and delivered to another person.　　*Exceptions sustained.*